| | |
|---|---|
| 1 | Amanda C. Sommerfeld (SBN 185052) |
|  | asommerfeld@jonesday.com |
| 2 | JONES DAY |
|  | 555 South Flower Street |
| 3 | Fiftieth Floor |
|  | Los Angeles, CA  90071.2300 |
| 4 | Telephone:    +1.213.489.3939 |
|  | Facsimile:    +1.213.243.2539 |
| 5 | |
| 6 | Elizabeth K. Yates (SBN 313184) |
|  | eyates@jonesday.com |
| 7 | JONES DAY |
|  | 555 California Street, 26th Floor |
| 8 | San Francisco, CA 94104 |
|  | Telephone:    +1.415.626.3939 |
| 9 | Facsimile:    +1.415.875.5700 |
| 10 | Attorneys for Defendant |
|  | CSX INTERMODAL TERMINALS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ANIL GOYAL, JORGE OCHOA, RODOLFO SANCHEZ, JASWINDER SINGH, JAVIER TOVAR CORTEZ, ABRAHAM BURCIAGA, MOY NARAYAN, MIGUEL ZAVALA, FELICIANO AHUMAD, MANUEL ALDANA, FRANCISCO LOPEZ BARBOZA, ARMANDO BRICENO, FRANCISCO CHAVEZ, OSCAR MARTINEZ DAVILA, ANTONIO ESCAMILLA, RAUL FIGUEROA, FERMIN FLORES, JORGE LIMA, PEDRO LOPEZ, SALVADOR MADERA, ENRIQUEZ MARTINEZ, JOSE MOZO, JOSE OROZCO, CARLOS RANGEL PALOMO, FRANKLIN SERPAS, SAUL SERPAS, OSCAR GUTIERREZ, and JUAN ELIUD TEMBLADOR,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CSX INTERMODAL TERMINALS, INC., and DOES 1 to 10 inclusive,**<br><br>**Defendant.** | Case No.<br><br>**DEFENDANT CSXIT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>[28 U.S.C. §§ 1332(b),  1441(b) and 1446] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendant CSX Intermodal Terminals, Inc. ("CSXIT" or "Defendant"), in the action entitled *Anil Goyal et al. v. CSX Intermodal Terminals, Inc.*, filed in the Superior Court of the State of California, for the County of Alameda, Case No. RG17876572 (the "Action"), through this Notice of Removal, hereby removes this matter to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

The grounds for removal are as follows:

### Compliance with Statutory Requirements

1. On September 25, 2017, Plaintiffs Anil Goyal, Jorge Ochoa, Rodolfo Sanchez, Jaswinder Singh, Javier Tovar Cortez, Abraham Burciaga, Moy Narayan, Miguel Zavala, Felicano Ahumada, Manuel Aldana, Francisco Lopez Barboza, Armando Briceno, Francisco Chavez, Oscar Martinez Davila, Antonio Escamilla, Raul Figueroa, Fermin Flores, Jorge Lima, Pedro Lopez, Salvador Madera, Enrique Martinez, Jose Mozo, Jose Orozco, Carlos Rangel Palomo, Franklin Serpas, Saul Serpas, Oscar Gutierrez, and Juan Eliud Temblador ("Plaintiffs") commenced the Action by filing a Complaint for Damages in state court (the "Complaint").

2. In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A are true and correct copies of all process, pleadings, or orders served upon CSXIT in this Action. The Complaint alleges the following causes of action: (1) Reimbursement of Business Expenses; (2) Unlawful Deductions from Wages; (3) Failure to Provide Off-Duty Meal Periods; (4) Failure to Provide Off-Duty Paid Rest Periods; (5) Minimum Wage; (6) Failure to Timely Provide Code-Compliant Wage Statements; and (7) Violations of the Unfair Competition Law (UCL). Exhibit A, Complaint.

3. Plaintiffs seek a declaratory judgment that CSXIT knowing and intentionally violated the provisions of law specified in the Prayer for Relief, and they seek other damages including wages, unreimbursed expenses, unpaid minimum wage,

1  meal and rest period compensation, amounts deducted from wages, interest, and
2  liquidated damages, in addition to attorneys' fees and costs.  Complaint ¶ 110.
3       4.     Pursuant to 28 U.S.C. § 1446(d), CSXIT will promptly provide written
4  notice of removal of the Action to Plaintiffs, and promptly will file a copy of this Notice
5  of Removal with the Clerk of the Superior Court of the State of California, County of
6  Alameda.

### Removal is Timely

8       5.     Service of the Complaint and Summons on CSXIT was completed on
9  October 13, 2017.  Removal of this action is timely because it is within 30 days of
10 service.  *See* 28 U.S.C. § 1446(b).

### Intradistrict Assignment

12      6.     Plaintiffs filed this case in the Superior Court of California, County of
13 Alameda; therefore, this case may properly be removed to the Northern District of
14 California, San Francisco or Oakland Division.  28 U.S.C. § 1441(a); Civil L.R. 3-2(d).

### Jurisdiction

16      7.     There is a sufficient basis for removal jurisdiction on diversity grounds
17 because there is complete diversity of citizenship between the parties and the amount in
18 controversy between Plaintiffs and CSXIT exceeds $75,000, exclusive of costs and
19 interest.  *See* 28 U.S.C. § 1332(a); § 1441(b).  If "at least one named plaintiff in the
20 action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does
21 authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article
22 III case or controversy, even if those claims are for less than the jurisdictional amount . . .
23 ."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).  As shown in
24 the examples below, at least two of the Plaintiffs have each placed over $75,000 in
25 controversy, exclusive of costs and interest, based on just one of the seven causes of
26 action.  Accordingly, all of the requirements of diversity jurisdiction are satisfied.

**There Is Complete Diversity of Citizenship Between CSXIT and Plaintiffs**

8. The parties to this action are citizens of different states. CSXIT is a citizen of Florida and Delaware, and all of the Plaintiffs are citizens of California.

9. The Complaint alleges that there is one named defendant in this action: CSXIT. Complaint ¶¶ 1, 37-38. The other defendants are "fictitious" Doe defendants who are disregarded for the purposes of determining diversity. *See* 28 U.S.C. § 1441(b)(l); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *Tukay v. United Continental Holdings, Inc.*, 14-CV-04343-JST, 2014 WL 7275310, at *2 (N.D. Cal. Dec. 22, 2014).

10. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Defendant CSXIT is incorporated under the laws of Delaware. Complaint ¶ 37; Declaration of Jackie Kennedy ("Kennedy Decl.") ¶ 2. CSXIT has never been incorporated in California. Kennedy Decl. ¶ 2.

11. CSXIT's principal place of business is in Jacksonville, Florida in the County of Duval, Florida. Kennedy Decl. ¶ 4. The Supreme Court has held that the "nerve center" test should be used to determine a corporation's "principal place of business." *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). A corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 78. CSXIT's "nerve center," and thus its principal place of business are in Jacksonville, Florida, where CSXIT's headquarters are located. Kennedy Decl. ¶ 4. Jacksonville is the location of the majority of CSXIT's corporate books and records, the majority of its executive and administrative functions (including but not limited to operations, dispatch, corporate finance, accounting, human resources, payroll, marketing, legal and information systems), and its corporate officers (including but not limited to its chief executive officers, chief financial officer, and treasurer). Kennedy Decl. ¶ 4. CSXIT's corporate activities are directed, controlled, and coordinated from Jacksonville.

1  Kennedy Decl. ¶ 4.  Accordingly, CSXIT, is a citizen of the State of Florida for purposes
2  of determining diversity.  28 U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 91.
3      12.  The Plaintiffs, on the other hand, are citizens of California, and are
4  therefore diverse from CSXIT for purposes of diversity jurisdiction.  *See* 28 U.S.C.
5  § 1332(a)(1).  The Complaint alleges that each of the twenty-eight Plaintiffs resides in
6  California (Complaint ¶¶ 9-36); they are therefore citizens of this state.

**The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs**

8      13.  Although CSXIT denies Plaintiffs' factual allegations and denies any
9  liability, for purposes of removal only and without conceding Plaintiffs are entitled to
10  any damages or other relief at all, CSXIT submits that Plaintiffs' claims place in
11  controversy more than $75,000.  *See* 28 U.S.C. § 1332.  Plaintiffs' Complaint does not
12  specify the amount in controversy, however it seeks damages for unpaid minimum
13  wages, necessary business expenses, missed meal and rest period compensation, amounts
14  alleged to have been unlawfully deducted from wages, liquidated damages for alleged
15  failure to pay the minimum wage for all hours worked, damages and/or penalties
16  pursuant to Labor Code § 226(e) for each alleged violation of Labor Code § 226(a),
17  restitution, and attorneys' fees.  Complaint, ¶ 100.
18      14.  The relief actually sought by Plaintiffs, if recoverable, exceeds the
19  $75,000 amount in controversy threshold, exclusive of interest and costs.  This threshold
20  can be met by examining the potential damages for only <u>one</u> cause of action alleged in
21  the Complaint on behalf of a single Plaintiff.  Only one of the Plaintiffs needs to establish
22  an amount in controversy exceeding $75,000 for the Court to exercise supplemental
23  jurisdiction over the claims of all Plaintiffs.  *See Exxon Mobil Corp. v. Allapattah Servs.,*
24  *Inc.*, 545 U.S. 546, 549 (2005).
25      15.  In addition to the entire cost of their commercial trucks, which at this time
26  is unknown to CSXIT, in their second cause of action for unlawful deductions, Plaintiffs
27  seek reimbursement for business expenses deducted from Plaintiffs' earnings as drivers

during the period at issue in the Complaint.[1]  This amount alone exceeds $75,000 for many, if not all, of the Plaintiffs.

16. For example, Plaintiff Juan Eliud Temblador's earnings were subject to deductions exceeding $119,000 over the four-year period preceding the Complaint (from September 25, 2013 through September 15, 2016), pursuant to the terms of the agreement that he executed with Defendant.  Plaintiffs allege that the period of damages which they are seeking, and thus placing in controversy, extend even beyond this four-year period to cover a total of six years, so the amount actually sought is even greater.  Complaint ¶ 6.

17. The below chart summarizes Plaintiff Temblador's deductions each year for various line items that were deducted from his earnings pursuant to his agreement with Defendant.  *See* Kennedy Decl. ¶¶ 7-11.

**Example Chart of Deductions for Plaintiff Juan Eliud Temblador, 2013-2016**

| Type of Expense | 2013 | 2014 | 2015 | 2016 | Total |
|---|---|---|---|---|---|
| Tablet Purchase | | $213.98 | | | $213.98 |
| Weekly Escrow Deduction | $4,200.00 | $15,310.00 | $15,600.00 | $6,700.00 | $41,810.00 |
| Liability Insurance Deduction | $644.28 | $2,393.04 | $2,263.44 | $1,625.64 | $6,926.40 |
| Linehaul | $1,246.30 | $7,616.50 | $4,562.30 | | $13,425.10 |
| OCC Accident Insurance Deduction | $504.00 | $1,795.88 | $1,512.16 | $1,105.04 | $4,917.08 |
| COMDATA Fuel Purchase | $4,462.41 | $19,063.51 | $15,454.89 | $10,628.48 | $49,609.29 |
| COMDATA Fuel Surcharge | $0.49 | | | $395.00 | $395.00 |
| | | | | | $0.49 |
| Escrow Deduction | | $687.26 | | | $687.26 |
| Fuel Tax Deduction | | $0.01 | $216.91 | $74.25 | $291.17 |
| Driver Chargeback Deduction | | | | $395.00 | $395.00 |
| Garnishment/Levy Deduction | | | | $770.16 | $770.16 |
| | | | | | |
| **TOTAL 2013-2016**: | | | | | **$119,440.93** |

---

[1] Some or all of these items also appear to be the basis for Plaintiff's first claim for failure to reimburse of indemnify Plaintiffs for all business expenditures, under Labor Code Section 2802, and thus they are alleged items of damage for that claim as well.

18.   Plaintiff Javier Tovar Cortez's earnings were subject to deductions exceeding $280,000 over the four-year period preceding the Complaint (from September 25, 2013 through September 15, 2016), pursuant to the terms of the agreement he executed with Defendant. The below chart summarizes Plaintiff Cortez's deductions each year for various line items that were deducted from his earnings pursuant to his agreement with Defendant. *See* Kennedy Decl. ¶¶ 12-16.

**Example Chart of Deductions for Plaintiff Javier Cortez, 2013-2016**

| Type of Expense | 2013 | 2014 | 2015 | 2016 | Total |
|---|---|---|---|---|---|
| Tablet Purchase | | $641.94 | | | $641.94 |
| Weekly Escrow Deduction | $3,150.00 | $23,500.00 | $12,100.00 | $1,800.00 | $40,550.00 |
| Accident Damage Deduction | | | $1,000.00 | $200.00 | $1,200.00 |
| Liability Insurance Deduction | $1,809.34 | $8,304.92 | $5,969.94 | $3,954.54 | $20,038.74 |
| Linehaul | | | $2,898.00 | | $2,898.00 |
| Occ Accident ins Deduction | $1,188.00 | $5,387.64 | $3,867.64 | $2,588.12 | $13,031.40 |
| COMDATA Fuel Purchase | $22,311.53 | $99,873.18 | $56,225.68 | $32,736.27 | $211,146.66 |
| Fuel Surcharge | $4.87 | | | | $4.87 |
| Weight Confirmation | | $35.00 | | | $35.00 |
| Escrow Deduction | | | $300.00 | | $300.00 |
| Fuel Tax Deduction | | | | $258.75 | $258.75 |
| Power Detention | | | | $62.50 | $62.50 |
| | | | | | |
| **TOTAL 2013-2016**: | | | | | **$290,167.86** |

19.   Each of these two individual Plaintiffs therefore satisfy the $75,000 amount in controversy requirement based on the amounts placed in controversy for each of their separate claims, for just one cause of action.

20. When the potential damages sought for the unlawful deductions claim are combined with the other damages put at issue in the Complaint, the amount placed in controversy is even greater. The above sample calculations for potential damages under Plaintiffs' unlawful deduction claim do not include the following categories of damages sought by all Plaintiffs, each of which adds to the amount in controversy:

    a. Amounts claimed as penalties for the failure to provide off-duty meal and rest periods (Third and Fourth Causes of Action). Plaintiffs allege that they are entitled to one hour of additional pay at the regular rate of compensation for (i) each workday that meal periods were not provided and (ii) each workday that rest periods were not provided, and that these damages are owed for a period of six years. Complaint ¶¶ 6, 76-83, 110(D).

    b. Amounts claimed as damages for failure to pay minimum wage (Fifth Cause of Action). Plaintiffs seek payment of these wages, plus liquidated damages, for violations alleged over a period of six years. Complaint ¶¶ 6, 84-89, 110(D)-(E).

    c. Amounts claimed as damages for failure to provide timely compliant itemized wage statements (Sixth Cause of Action). Plaintiffs allege that they are owed penalties pursuant to Labor Code § 226(e) for each violation. Complaint ¶¶ 90-93, 110(F).

    d. Attorneys' fees. Complaint ¶ 110(I).

## **CONCLUSION**

21. In sum, while CSXIT denies Plaintiffs' claims of wrongdoing, the threshold amount in controversy for purposes of removal is satisfied, as Plaintiffs have placed in controversy an amount exceeding the $75,000 requirement. There is also complete diversity among Plaintiffs and Defendant CSXIT.

22. Based on the foregoing, CSXIT respectfully requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, CSXIT respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is subject to removal to federal court.

Dated: October 24, 2017

Respectfully submitted,

JONES DAY

By: /s/ Amanda C. Sommerfeld
    Amanda C. Sommerfeld

Attorneys for Defendant
CSX INTERMODAL TERMINALS, INC.

- 9 –

CSXIT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT