1
2
3
4               UNITED STATES DISTRICT COURT
5              NORTHERN DISTRICT OF CALIFORNIA
6
7   ANIL GOYAL, et al.,                      Case No. 17-cv-06081-EMC
8              Plaintiffs,
                                             **ORDER DENYING DEFENDANT'S**
9        v.                                  **MOTION TO TRANSFER VENUE; AND**
                                             **STAYING PROCEEDINGS**
10  CSX INTERMODAL TERMINALS, INC.,
                                             Docket No. 67
11             Defendant.
12
13         Plaintiffs in this case are 53 individuals who worked as truck drivers for Defendant CSX

14  Intermodal Terminals, Inc. ("CSXIT").  Plaintiffs have *not* filed a class action but rather bring

15  individual claims for violations of the California Labor Code, including failure to reimburse for

16  business expenses.  The gist of Plaintiffs' complaint is that CSXIT improperly classified them as

17  independent contractors instead of employees.  Currently pending before the Court is CSXIT's

18  motion to transfer venue to the Central District of California.  The Court also asked the parties to

19  brief the issue of whether the instant case should be stayed pending resolution of *Valadez*, a

20  related case before Judge Laporte.

21         For the reasons stated on the record, CSXIT's motion to transfer venue is **DENIED**.

22  While CSXIT's motion is not frivolous, the interests of justice weighs in favor of keeping the case

23  in this District.  For example, there is already litigation in this District over the same or similar

24  facts, *i.e.*, the *Valadez* case.  Also, CSXIT is engaging in forum shopping, as reflected by the fact

25  that it never sought to transfer the *Valadez* case.  While CSXIT fairly points out that Plaintiffs

26  have also engaged in forum shopping – or more specifically, judge shopping (*i.e.*, by refusing to

27  consent to Judge Laporte) – that does not justify transfer.

28         As to the issue of a stay, the parties agree in principle that there should be a *Landis* stay;

their disagreement is over the scope of the stay.[1]  Plaintiffs advocate for a stay of limited length, *i.e.*, to see how Judge Laporte rules on a pending motion for summary judgment and a pending motion to dismiss the PAGA claim in *Valadez*; CSXIT argues that this case should be stayed until *Valadez* is resolved in its entirety.  The Court finds that the appropriate course is to put in place – for the time being – a limited stay.  *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111 (9th Cir. 2005) (noting that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court").  After Judge Laporte has issued her rulings in *Valadez*, the Court may reassess whether a longer stay is necessary.

Accordingly, the Court **STAYS** proceedings in this matter until the further case management conference set for June 7, 2018.  At that conference, the parties should be prepared to address, if necessary, whether a longer stay is proper.

This order disposes of Docket No. 67.


**IT IS SO ORDERED**.


Dated: March 2, 2018

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court acknowledges CSXIT's argument that the Court should have stayed even a ruling on its motion to transfer.  However, the Court sees no benefit to delaying the transfer decision. Indeed, it makes more sense to let the parties know now whether this Court or the Central District will have jurisdiction over the case.